**IN THE SUPERIOR COURT**
**OF GUAM**

CARLOS HADDAD,

               Plaintiff,

    v.

CAROLINE PETER-HADDAD,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Domestic Case no. DM 0476-08

**DECISION AND ORDER**

This matter came before the Honorable Judge Michael J. Bordallo on June 24, 2013, through a November 19, 2012 Rule 7.1 written objection to the November 9, 2012, Findings and Order of the Superior Court of Guam Child Support Referee. In the objection the Plaintiff was represented by attorney Willaim Benjamin Pole. The Defendant appeared *pro se*. The Guam Office of the Attorney General through Carol Fitch Baulos also asserting having provided services to the Defendant also appeared. Having considered the arguments, evidences and file herein, the Court ratifies the Child Support Referee's November 9, 2012, Findings and Order.

## BACKGROUND

On November 9, 2012, the Child Support Referee for the Superior Court of Guam entered its Findings and Order regarding the child support obligations of the Parties for their minor child. In its order the Referee found that Plaintiff's gross monthly income is $21,909.75. The Referee found that Defendant was unemployed and imputed to her a minimum wage monthly income of $1,473.00. Because the combined income of the Parties exceeded the maximum income identified in the Guam's Child Support Guidelines, and based upon the standard of living experienced by the Parties in Thailand the Referee found that equity required an upward departure from the maximum amount indicated in the Guidelines.

In consideration of the above, the Referee also found that the reasonably necessary expenses of the Parties' minor child are $3,080.00 each month. In support of this finding it cites to 19 GAR § 1202 and a 2003 decision of the Guam Supreme Court, *Lanser v. Lanser*, 2003 Guam 14. Having made the above the determinations the Referee found that the Plaintiff's total child support obligation was 97% or $2,987.60 and that the Defendant's obligation was 3% or $92.40.

The Referee also denied Plaintiff's request that his payment of rent for the residence of the minor child and the Defendant and tuition for the minor child, while the Parties lived in Thailand, be counted toward any back child support due and owing in this case. In support of this finding the Referee found that Plaintiff failed to produce any evidence of any agreement between the Parties allowing for credit and that credits for these expenses are not allowed by 19 GAR § 1205.

On November 19, 2012, Plaintiff filed a paper entitled, Plaintiff's Written Objections Rule 7.1 Appellate Procedures. In it Plaintiff argues that:

1. The Referee's decision to depart from the guidelines was based upon the speculated costs of the minor child's activities and violated the non-custodial parent's ability to make parenting decisions;
2. The Referee improperly used the Plaintiff's 2009 income and failed to impute a higher income amount to Defendant; and
3. The Referee improperly ruled on the issue of back support by not allowing credit for tuition and rent payments for the minor child, because the issues were not adequately developed at a full hearing and the award was not limited to one year of back support.

Following Plaintiff filing his objections to the Referee's written findings, the Referee filed a paper entitled, Request for Assignment to Superior Court Judge for Review. This paper transferred jurisdiction of the matter to the Superior Court of Guam. On December 4, 2012, this matter was assigned to this Court and on June 7, 2013, it was set for an initial scheduling hearing on June 24, 2013.

On July 5, 2013, subsequent to the scheduling hearing, Defendant filed her opposition

to Plaintiff's objection. In it she argues that the majority of Plaintiff's objections were raised in previous objections to the Referee's November 23, 2011, oral decision. She refers the Court to a prior November 12, 2011 opposition, argues that Plaintiff's most recent submission of proof of income does not include his housing subsidy and travel allowances, details $5,301.00 in obligations that Plaintiff has failed to pay her, argues for the necessity of the prospective activities of the minor child, generally disputes Plaintiff's allegations about any ulterior reasons for her moving to Washington State, and argues that the Guam 5 GCA § 34116.1 statutory restriction of back child support is inapplicable because it is limited to situations where there has been a finding of inability to pay support. Defendant also requests that she be awarded her costs.

On July 15, 2013 the Attorney General of Guam filed its opposition paper. In it the People argue that the Court's good faith duty to review the findings of the Referee is limited to the correction of obvious error. In support of its argument the People cite to the Guam Supreme Court's decision in *Lamb v. Hoffman*, 2008 Guam 2 ¶ 41. It further argues that the Referee's departure from the guidelines was justified by the high income of the Plaintiff and the standard of living to which the minor child became accustomed during the Parties' marriage.

Plaintiff filed his reply paper on July 15, 2013. In it he argues that equity requires that he receive credit for the housing and tuition payments he made on behalf of the minor child in Thailand, and that the one year back support restriction 5 GCA § 34116.1 is applicable to all child support orders where there has not been a prior order.

## DISCUSSION

In this case Plaintiff argues and asserts that the Superior Court's Child Support Referee has: used inappropriate income amounts to determine support, applied speculative facts to justify the reasonable necessary expenses of the minor child, and erred in not applying his

payment of past support and finding of past due support. Plaintiff's objections to the Referee's November 9, 2012 written findings were brought pursuant to Rule 7.1 of the Rules for Expedited Process of the Superior Court of Guam.[1]

In this case Plaintiff filed his objections pursuant to the Rule 7.1 within 10 days of the Referee's entry of its written findings. On the same day the Referee, pursuant to Rule 6.7 of the same expedited rules, referred its recommended findings along with the Plaintiff's objections to the Superior Court.[2] Sup. Ct. Guam Expedited Process R. 6.7. After hearing the

---

[1] Rule 7.1 provides,

(1) Any party objecting to the recommended order shall file a written objection to the recommendations in the form prescribed by the Judicial Council and serve copies of the objections on the referee's office and opposing counsel.
(2) Objections shall be filed within 10 days of the date the recommendation was made in open court or if taken under advisement, 10 days after the date of the subsequent written recommendation made by the referee.
(3) Objections shall be to specific recommendations and shall set forth reasons for the objections.
(4) The referee shall then refer the matter to a Superior Court Judge for review of matters specifically objected to by the parties or certified by the referee.
(5) If no objection or request for review is made within 10 days, the party is considered to have consented to entry of an order in conformance with the referee's recommendation.
(6) After hearing in the Superior Court, the Court may award attorney's fees and costs if the appealing party does not prevail and the recommendations of the referee have not been substantially modified by the Court.

Sup. Ct. Guam Expedited Process R. 7.1.

[2] Rule 6.7 provides,

The referee shall, after hearing any motion or other application for relief, recommend entry of an order and shall make a written recommendation as to each matter heard. The referee's recommendation has the effect of an order of the Court unless it is modified by the Court. The Court must reject the referee's recommendation within ten days of hearing or is shall be deemed adopted by the Court without signature.

matter the Rule allows the assigned Court 10 days to reject the recommended order prior to its being deemed adopted. *Palomo v. Manglona*, 2012 Guam 18 ¶ 20. On December 4, 2012, the matter was assigned to this Court and it was heard on June 24, 2013.

This past year Rules 6.7 and 7.1 of the Superior Court of Guam's Rules for Expedited Process were reviewed and interpreted by the Guam Supreme Court. *Palomo*, 2012 Guam 18 ¶¶ 15-24. In that decision the Court described that the standard that is to be applied by the Guam Superior Court during its 10 day review of a referee's written findings. *Id.* at ¶ 23. The Court explained,

> the Superior Court need not conduct an in-depth review of the referee's recommendation before ratification. Ten days is not sufficient time [for the Superior Court] to conduct a full appellate review [of the referee's findings]. We therefore adopt the pragmatic approach and require only that the trial court make a good faith effort to supervise the referee and correct any obvious errors.
> . . .
> FN3. Although in Lamb we stated that we do not require full written review by the Superior Court of every objection considered by the referee, we also cautioned that no supervision at all constitutes error and that referees' reports that are summarily converted into judgments without any evidence of review of Rule 7.1 objections may compel this court to remand for proper review.

*Id.* citing, *Lamb v. Hoffman*, 2008 Guam 2 ¶¶ 42–43. In this case the record reveals that more than 10 days have elapsed since the Court's hearing of the instant matter. On its face the Referee's order, for purposes of temporary relief, is deemed adopted. Sup. Ct. Guam Expedited Process R. 6.7. However, as made clear by the *Palomo* Court this deeming does not end or preclude this Court's duty to review the support order; "the Superior Court must still abide by canons of due diligence and timeliness in rendering its decision whether to affirm or reject the referee's recommendation." *Id.* at ¶ 20 fn. 1. In conducting this review the Court will apply the obvious error standard of review.

---

Sup. Ct. Guam Expedited Process R. 6.7.

**Income Determination**

Plaintiff first argues that Referee applied incorrect income amounts in making its child support order. His argument as two parts: 1) that the Referee should have used his 2010 income statements instead of his 2009 tax return; and 2) that the Referee should have imputed a higher income to Defendant. Objection at 6-8. In its order the Referee based its finding on several facts: 1) that the Parties agree that Plaintiff's income fluctuates; 2) at the time of the hearing Plaintiff had not submitted evidences of his 2010 income; and 3) Plaintiff's income exceeds $15,000 per month. Plaintiff, in his objections argues that the Referee had an obligation to use the lower of the Plaintiff's incomes. This argument is not responsive to the Court's findings that, despite its request, Plaintiff had not submitted his 2010 tax return or any evidence of his 2011 income. Accordingly the Court finds the objection to be improper and the findings of the Referee regarding his income supportable under the appropriate standard of review. *Palomo*, 2012 Guam 18 ¶¶ 15-24.

Second Plaintiff objects to the Referee's failing to impute Defendant's prior Thailand income. The Referee's finding, supporting its imputation of a minimum wage income to Defendant, is based upon the standard set forth by the Guam Supreme Court in 1998, "whether there is a substantial likelihood that a party could, with reasonable effort, apply his or her education skills and training to produce income." Findings and Order at 5; citing *Leon Guerrero v. Moylan*, 2002 Guam 18 ¶ 32 (internal quotations omitted).

The Referee applied this standard to the following facts: 1) Defendant's employment in Thailand was obtained though Plaintiff's affiliations; 2) Defendant had left Thailand because her work visa was set to expire and the Parties were divorcing; 3) Defendant had been unemployed for over a year; 4) Defendant had sought work while living in Washington but had

not obtained it; 5) that the record is devoid of any evidence that Defendant was not using her best efforts to find employment; 6) at the hearing that Plaintiff had not challenged Defendant's lack of good faith effort to find employment; and 7) there was no evidence presented to the Court of the type of prospective income Defendant could receive based upon her education, skills and experience. *Id.* at 6.

Objecting to these findings Plaintiff argues and asserts that prior to her move to Washington State, Defendant made between $3,000.00 and $3,974.00 a month for several years and that Defendant provided no credible evidence why she would move to Washington when her skills and education were more marketable in Washington D.C. or New York. Objection at 7-8; Pl.'s Reply at Ex. R1. He also argues that while the Referee found that the record was devoid of any evidence that Defendant was not using her best efforts to find employment, it is also devoid of any affirmative efforts of the Defendant to actively seek employment. The Court is not persuaded by these arguments.

Reviewing the Referee's findings the Court now finds that the Referee committed obvious error when it justified a lower imputed income through a lack of evidence. By supporting its order through a finding that there was a lack of evidence that Defendant was not using her best efforts, the Referee was in essence shifting the burden to Plaintiff and minimizing the support available to the minor child. As explained by the *Palomo* Court, "it is clear that Guam's child support laws are designed to maximize support to children from both of their parents." *Palomo* 2012 Guam 18, ¶ 32.

The fact that Defendant was employed prior to her relocation from Washington and earning a monthly income of $3,000 to $3,974 each month for approximately 3 years, places the burden upon the unemployed or under-employed parent to show that her new residence,

skills, experience and education level merit a lower imputed income. See, 19 GAR §§ 1203(a)(1) and 1203(a)(5). Absent some affirmative showings by the Defendant justifying the decrease income her prior income should be imputed to maximize the support to the minor child. *Id.*

**Reasonably Necessary Expenses of the Minor Child**

Plaintiff argues the Referee erred in determining the necessary expenses of the minor child. Citing the mandates of 19 GAR § 1202 which require that a child support order maintain as closely as possible the standard of living a child would have enjoyed had the family remained together, the Referee determined the expenses of the minor by dividing in half the rent, groceries, utilities, clothing and household item expenses of the Defendant. Findings at 7-8. It then added extracurricular expenses for: Leadership Academy, Basketball League, Computer, and French as the minor's current extra-circular activities. *Id.* at 8. The Referee also added, based upon the types of activities of the minor while living in Thailand, the cost of possible prospective activities of piano, guitar, taekwondo, Boy Scouts, driving, and ski lessons, as well as PSAT/SAT review, All Sports Indoor Camp, High Adventure Camp and tutoring. *Id.*

Plaintiff argues that the Referee's inclusion of activities that the minor child has yet to participate in violate his rights to joint legal custody. The Court is not persuaded by this argument. The Referee in this case based its findings of reasonable necessity upon the activities and experiences the minor child participated in while the Parties were married. Moreover, awarding to the child an amount that would allow for the same types of experiences does not necessitate his participation in them nor does it require that the joint legal custodians use those monies for those purposes. Rather it places both legal custodians in a position of

equal deciding authority, precluding the party with the greater income from solely influencing decisions by denying funding. cf. *Lanser v. Lanser*, 2003 Guam 14. The high standard of living of the Parties, in addition to the combined income of the parties, adequately justify a departure from the guidelines and the determination of the award for the child.

**Prior Support Payments**

Lastly the Plaintiff objects to the Referee's denial of credit for prior support payments, specifically his payment of rent and tuition, for the shared residence of the minor and the Defendant and the private French school of the minor while living in Thailand. Objection at 1-3. The Referee supports its finding by citing to Section 1205 of Title 19 of the Guam Administrative Rules and Regulations. Findings at 13. This rule requires that, "[g]ifts of clothing, supplies, etc. in lieu of money are not to be offset against the support award, except by court order." 19 GAR § 1205. In support of its denial it further found that: 1) Plaintiff was obligated to pay the lease for the residence; 2) the lease payments on the residence were funded by Plaintiff's housing allowance; and 3) Defendant did not agree that Plaintiffs payment of these obligations could be used as support.

In this instance the Referee committed an obvious error. On its face Section 1205 of Title 19 the Guam administrative rules does not apply to payments of rent and tuition made by the Plaintiff. 19 GAR § 1205. That the Referee uses as a basis for its award the living standards of minor child and Defendant while the Parties were living in Thailand while denying the Plaintiff credit for his assistance in providing them, is incongruent and inequitable.[3]

---

[3] Having decided that the Referee's findings regarding credit for past payments were made in error, and the Referee not having held any hearing or made any further findings concerning back child support, Plaintiff's objection regarding the 5 GCA § 34116.1 is not yet ripe and is therefore denied.

*Palomo*, 2012 Guam 18 ¶ 32.

## CONCLUSION

Based upon the foregoing, the Court finds that the Referee's November 9, 2012, Findings and Order determining the amount of support due are in part consistent with applicable Guam law. For purposes of determining support for the minor child, as of the date of the filing of the request to determine support, Plaintiff's gross monthly income is $21,909.75. Subtracting amounts for self-support and medical insurance his adjusted monthly income is $21,002.43. Defendant is imputed a gross monthly income of $3,322.50 and adjusted monthly income of $2,547.50.

To be used on behalf of the minor child and in a manner which both legal custodians agree, the reasonable necessary expenses of the minor child are $3,080.00 each month. As the non-custodial parent Plaintiff is ordered to pay Defendant an amount of $2,741.20 each month. For the purposes of determining past due support, Plaintiff shall be entitled to credit for any amounts he caused to be paid for the residence and schooling of the minor child. Defendant's requests for payment of costs are denied.

Furthermore, considering the limited standard of review applied to the Court's consideration of the Referee's decision, the length of time that elapsed between the Referee's hearing and the issuance of its written decision, as well as the consideration of the Plaintiff's 2009 income in its 2012 written determination, the Court finds that for purposes of the application of Sections 34118(f) or 34121 of Title 5 of the Guam Code, this order shall relate back to the Referee's November 14, 2011, verbal order.

SO ORDERED, this _____11th_____ day of ___September___, 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I hereby certify that this is a full, true
and correct copy of the original on file in
the office of the clerk of the Superior Court of
Guam
Dated at Hagatna, Guam

SEP 1 2 2013

Glenrie J. Mendiola
Deputy Clerk, Superior Court of Guam